**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>VANESSA BARUT,<br><br>Defendant - Appellant. | No. 04-10360<br><br>D.C. No. CR-01-00160-7-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted November 22, 2005
Honolulu, Hawaii

Before: BRIGHT**, McKEOWN, and CLIFTON, Circuit Judges.

Vanessa Barut was convicted on one count of aiding and abetting Joseph Pajardo in possessing with intent to distribute more than fifty grams of methamphetamine in violation of 21 U.S.C. § 841(a). On appeal, Barut raises a

---

    *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

series of objections to the scope of discovery and the admission of evidence at her trial. We affirm Barut's conviction and grant a limited remand under United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc).

Barut petitions this court to compare the full presentence reports of co-defendants Alfredo Sepulveda and Fernando Gutierrez against the redacted versions reviewed and disclosed by the district court.[1] We have conducted that review and conclude that the district court did not err in its assessment of the government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963).

Barut argues that the district court erred in allowing the government to impeach her testimony with prior statements that had been suppressed as beyond the scope of her Miranda waiver. Under Oregon v. Hass, these statements were admissible for impeachment purposes. 420 U.S. 714, 721-22 (1975). Although a limiting instruction was appropriate, the district court's failure to provide a limiting instruction was harmless error.

---

[1] By motion to this court, Barut petitioned to enlarge the record on appeal to include the full presentence reports for Fernando Gutierrez and Alfredo Sepulveda. Both co-defendants were identified as government witnesses prior to trial; only Gutierrez testified. To facilitate our review of Barut's Brady claim, we grant her motion with respect to Gutierrez.

Barut also challenges the district court's decision to allow the government to impeach Pajardo's testimony with prior inconsistent statements that had been provisionally suppressed, and to preclude her from introducing Pajardo's past consistent statements in response. Pajardo's past inconsistent statements were admissible for impeachment purposes under Federal Rule of Evidence 613, once Pajardo opened the door by testifying that he had told federal agents that Barut was innocent. Pajardo's past consistent statement was suppressed as cumulative of his expected testimony at trial. Once his testimony was impeached, Pajardo's past consistent statement remained inadmissible under Federal Rule of Evidence 801(d)(1)(B), and did not become inconsistent simply because he acknowledged other inconsistent statements. The district court did not abuse its discretion in excluding this evidence. Cf. United States v. Alvarez, 358 F.3d 1194, 1214 (9th Cir. 2004).

Barut argues that the district court erred in allowing the government to impeach her testimony with evidence of her husband's previous federal drug conviction and her experience at his trial. The district court ruled that Barut opened the door to this evidence by testifying that she was naïve to Pajardo's drug-related activity. We see no reversible error in the court's determination that

Barut's past experience with drug prosecution was relevant to her familiarity and sensitivity to Pajardo's activities.

Barut claims that the evidence was insufficient as a matter of law to support her conviction. For Barut to be found guilty, the government was required to show: (1) that Pajardo did possess, with intent to distribute, more than fifty grams of methamphetamine, (2) that Barut knowingly and intentionally aided Pajardo in that crime, and (3) that Barut acted before the crime was completed. United States v. Cordova Barajas, 360 F.3d 1037, 1041 (9th Cir. 2004). Uncontroverted evidence established that Pajardo did possess with intent to distribute more than fifty grams of methamphetamine, and that Pajardo used Barut's truck and safe in the commission of that crime. The evidence also revealed that Barut was aware of Pajardo's illicit activities while the drugs were stored in her safe, if not earlier. A reasonable jury could conclude that, even if Barut was opposed to Pajardo's drug activity, she knew what he was doing and intended to help him conclude the transaction safely.

Barut challenges the district court's denial of her motion for a new trial on the basis of Pajardo's alleged admission of perjury. Testimony regarding Pajardo's statement was properly excluded as inadmissible hearsay. Fed. R. Evid. 804(b)(3). The district court did not abuse its discretion in striking Wilson's

testimony from the record. United States v. Shryock, 342 F.3d 948, 980 (9th Cir. 2003).

Finally, Barut raises an unpreserved appeal under United States v. Booker, 543 U.S. 220 (2005). Barut's sentence was below the prescribed statutory range, and also below the applicable Guidelines range. Nonetheless, that sentence was imposed within a mandatory Guidelines regime, thus violating the remedial holding in Booker. The record is insufficient to complete the appropriate prejudice review, and we note that even under the Guidelines the district court found it appropriate to depart downward substantially to reflect the unique circumstances of Barut's case. A limited remand for proceedings consistent with Ameline is appropriate. 409 F.3d at 1084-85.

**AFFIRMED in part; REMANDED in part.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 20 2006

by: Deputy Clerk

INTERNAL USE ONLY: Proceedings include all events.
04-10360 USA v. Barut

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Thomas C. Muehleck, AUSA<br>FAX 808/541-2958<br>808/541-2850<br>Suite 6-100<br>[COR LD NTC aus]<br>USH - OFFICE OF THE U.S. ATTORNEY<br>PJKK Federal Building<br>300 Ala Moana Blvd.<br>P.O. Box 50183<br>Honolulu, HI 96850 |
| v. | |
| VANESSA BARUT<br>    Defendant - Appellant | Stuart N. Fujioka, Esq.<br>FAX 808/521-4221<br>808/524-8833<br>Ste. 224<br>[COR LD NTC cja]<br>NISHIOKA & FUJIOKA<br>841 Bishop St.<br>Honolulu, HI 96813 |