NISHIOKA & FUJIOKA
a Law Corporation

STUART N. FUJIOKA 4223
841 Bishop St. Ste. 224
Honolulu, HI 96813
ph.(808) 524-8833, fax 521-4221
e-mail: stuart@nishiokafujiokalaw.com

Attorney for defendant
Vanessa Barut [07]

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 05 2006

at ___ o'clock and ___ min. ___M
SUE BEITIA, CLERK

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **United States of America**  Plaintiff,  v.  **Vanessa Barut,** [07]  defendant. | Cr. No. 01-00160-07 SOM  DEFENDANT VANESSA BARUT'S [07] MEMORANDUM IN AID OF RESENTENCING; CERTIFICATE OF SERVICE  Hearing Date: 5/16/06  3:00 p.m.  The Hon. Susan Oki Mollway |

<u>DEFENDANT VANESSA BARUT'S [07] MEMORANDUM IN AID OF RESENTENCING</u>

This matter has been remanded from the Ninth Circuit for resentencing. On appeal defendant challenged her sentence only with respect to the imposition of 2 offense level enhancement for obstruction of justice as set forth in U.S.S.G. §3C1.1. Defendant's post-trial statement for purposes of "Safety Valve" exception to mandatory minimum was at variance with her testimony at trial.

**•Obstruction Enhancement Should Be Reconsidered**

As of original sentencing on 6/21/04, the parties believed that the U.S. Sentencing Guidelines were mandatory and the following discussion took place.

> [the Court] Okay. Then let's look at the obstruction of justice issue. And, [counsel], your client is conceding that now that she's admitted she lied at trial that she has to to have a two-point enhancement for obstruction of justice. I mean I don't know how you can have it both ways.
>
> [defense counsel] I don't see any way around it, Your Honor....
>
> [the court] ...So I'm going to overrule the objection to the obstruction of justice enhancement.

6/21/04 transcript, p. 14.

Subsequent to sentencing of this defendant, there have been many landmark appellate decisions with respect to federal sentencing.

The Supreme Court singled out the obstruction enhancement as if to suggest that it should be punished only if pled and proven as a separate crime.

> Another example of conversion from separate crime to sentence enhancement that *Justice O'Connor* evidently does not consider going "too far" is the obstruction-of-justice enhancement, see *post*, at 6-7. Why perjury during trial should be grounds for a judicial sentence enhancement on the underlying offense, rather than an entirely separate offense to be found by a jury beyond a reasonable doubt (as it has been for centuries, see 4 W. Blackstone, Commentaries on the Laws of England 136-138 (1769)), is unclear.

Blakely v. Washington, 124 S.Ct. 2531, n. 11 (2004). In Vanessa's case, the jury did not make a finding of obstruction. Under this reasoning, obstruction found by the court to

2

preponderance of the evidence must be removed from the defendant's sentence.

### •Advisory Scheme Does Not Require 2-Level Increase

Additionally, since Booker and Fanfan the sentencing guidelines have been deemed advisory.

> The absence of a Sixth Amendment violation, however, is not the end of our inquiry. See *United States v. Stafford,* 416 F.3d 1068, 1077 (9th Cir.2005) ("While it appears that the facts upon which the obstruction of justice enhancement was based were admitted by the defendant, we nonetheless follow *Ameline's* 'limited remand' approach."). "[D]efendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional." *United States v. Moreno-Hernandez,* No. 03-30387, 419 F.3d 906, 917, 2005 WL 1964483, at *8 (9th Cir. August 17, 2005).

U.S. v. George, 420 F.3d 991, 1001 (9th Cir. 2005). Defendant questions whether the court's sentence under advisory guidelines would be the same as that imposed under the mandatory scheme.

At the June 21, 2004 hearing the Court justified its sentence as follows.

> Now, here are the reasons I've proposed this sentence: Miss Barut was found guilty of aiding and abetting possessioin, with intent to distribute, more than 50 grams of methamphetamine.
>
> To calculate the sentencing guidelines I looked at the amount of drug and the type of drug that was recovered, and it appears to have been over 700 grams of ice. I looked at her role as a minimal participant in the offense. I looked at her qualifying for the safety valve. I looked at her giving materially false testimony. I looked at her absence of a criminal history.
>
> Now, there are a number of things that mitigate in her behavior. She has a stable employment history, indicating that she can support herself and her daughter without being

> involved in criminal activity. She has benefitted in the past from mental health treatment and has indicated she would like to participate in substance abuse treatment while in custody. This is her first felony conviction. And I am also looking at the factors that led me to depart downward, specifically finding that this was aberrant behavior on her part, not part of the heartland of cases for which sentences within the guideline range are meted out.
>
> And taking all of that into account, I have proposed a sentence near the bottom of the guideline range, but expressing some concern about the defendant's actions in this case. Although I think she was very minimally involved for a very short time, I am concerned that she did come before me more than once and take the witness stand. She did so on the motion to suppress and then at trial. And she has been hit on the obstruction of justice but in recognition of that I have not proposed the lowest end of the guidelines.

6/21/04 transcript, pp. 42-43. Defendant's sentence was increased for obstruction of justice, and she was also placed at a higher point of the guideline range for the same conduct. Under an advisory sentencing scheme, the obstruction should not receive so much emphasis against the elements mitigating in her favor.

• **Conclusion**

Defendant has been imprisoned at FCI Phoenix since 7/26/04. As it stands, her projected release date is 6/1/08. She had hoped for up to one-year reduction for completion of 500-hour substance abuse treatment program. However, the Bureau of Prisons has denied her entrance in spite of judicial recommendation and written diagnosis of her treating psychiatrist. She requests review of her sentence in light of

4

recent case law developments, to determine whether this length of incarceration would have been imposed 6/21/04 under advisory guidelines.

Dated: Honolulu, Hawaii, May 4, 2006.

                                        Stuart N. Fujioka,
                                        attorney for defendant
                                        Vanessa Barut

C:\Doc\Fedcrim\2004\Barut\resentence\resent-mem.001.wpd

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| United States of America<br><br>Plaintiff,<br><br>v.<br><br>Vanessa Barut,    [07]<br><br>defendant. | Cr. No. 01-00160-07 SOM |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was duly mailed, postage prepaid, or hand delivered to each of the following, at his or her last known address.

Thomas Muehleck
300 Ala Moana Blvd. Ste. 6100
Honolulu, Hawaii 96850
for the United States of America

Roseanne Donahoe
300 Ala Moana Blvd. 2-215
Honolulu, HI 96850
U.S. Probation

Dated: Honolulu, Hawaii, May 4, 2006.

_____
STUART N. FUJIOKA

c:\doc\fedcrim\2004\barut\certserv.001