1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF HAWAII

 3
                                    )
 4    UNITED STATES OF AMERICA,     )   CR 01-00160 SOM
                                    )
 5                    Plaintiff,    )   Honolulu, Hawaii
          vs.                       )   September 19, 2002
 6                                  )   2:00 P.M.
      (01) FALANIKO UTI,            )
 7    (04) JOSEPH PAJARDO,          )   Various Motions
      (07) VANESSA BARUT,           )
 8                                  )
                      Defendants.   )
 9    _____)

10

11                   TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE SUSAN OKI MOLLWAY
12                UNITED STATES DISTRICT JUDGE

13
      APPEARANCES:
14
      For the Government:         THOMAS C. MUEHLECK, ESQ.
15                                Office of the U.S. Attorney
                                  PJKK Federal Bldg.
16                                300 Ala Moana Blvd. Ste. 6100
                                  Honolulu, HI 96850
17
      For the Defendant           JOHN R. REMIS, JR., ESQ.
18    Falaniko Uti:               Halekauwila Plaza
                                  547 Halekauwila St., Ste. 118
19                                Honolulu, HI 96813

20    For the Defendant           GLENN D. CHOY, ESQ.
      Joseph Pajardo:             735 Bishop St., Ste. 322
21                                Honolulu, HI 96813

22    For the Defendant           MYLES S. BREINER, ESQ.
      Vanessa Barut:              345 Queen St., Fl 2
23                                Honolulu, HI 96813

24

25
```



EXHIBIT E

1  didn't happen here. So my concern is, well, if he didn't
2  do it, if he wouldn't lie -- perjury to me doesn't make
3  any sense here because, as I say, we don't have a hearing.
4  But, if he didn't lie, then why does he get this thing
5  dismissed against him? He was able to not cave in to this
6  pressure.
7          And, if indeed Agent Rothermund was attempting
8  to get Mr. Pajardo to say that Miss Barut was involved,
9  then you need some basis for thinking that Agent
10 Rothermund knew that it would be a lie. Because indeed
11 Agent Rothermund may have believed that it would be the
12 truth if Mr. Pajardo said that Miss Barut was involved.
13 And, if that's what Agent Rothermund thought, then how
14 could it be that he somehow acted wrongly by trying
15 deliberately to get Mr. Pajardo to tell a lie when Agent
16 Rothermund thought it would have been the truth?
17         MR. BREINER: Your Honor, take the time, please,
18 to look at the document that I filed on June 2d.
19         THE COURT: Take the time? Hold on. I assure
20 you --
21         MR. BREINER: Your Honor, I'm sorry. If you're
22 going to deny the motion -- I'm sorry. It's your court.
23 I'll just sit down.
24         THE COURT: It is my court.
25         MR. BREINER: Deny the motion over our

```
 1   objection.  We want to put Agent Rothermund on the stand
 2   to establish precisely what you're asking us to establish,
 3   with all due respect.
 4            THE COURT:  What I'm saying is I don't need it
 5   because I will believe you that Agent Rothermund said the
 6   things you say he said.
 7            MR. BREINER:  Well, the problem, Your Honor, is
 8   that Mr. Muehleck informed us a long time ago that he
 9   intended to put on evidence that Mr. Pajardo stated as
10   reflected in the document I was referring to, quote,
11   "Pajardo stated on the night he picked up the 7.3 pounds
12   of crystal methamphetamine for Uti from Club Rock-Za,
13   Kapiolani Boulevard, Honolulu, Hawai'i, Vanessa Barut
14   overheard him talking on the telephone with Uti."  And it
15   goes on further implicating Miss Barut.
16            The fact is he never said that.  My concern was
17   that Mr. Muehleck was intending to put Agent Rothermund on
18   at trial to testify at something that this individual
19   never said, that Mr. Pajardo never said, that had been
20   adopted, and it was never adopted.  So it reflects an
21   attempt by the government to suborn perjury in the form of
22   claiming that Mr. Pajardo said it to try to induce him to
23   changing his statement because he'd get this deal in
24   exchange for changing it.  Or worst case scenario the
25   inducement doesn't go through, the subornation doesn't
```

1  work, then Agent Rothermund is still allowed to testify to
2  a flat out lie that this individual Mr. Pajardo never said
3  that. And that concerned me.
4        THE COURT: Okay. But suppose that indeed Agent
5  Rothermund has lied and has misrepresented what Mr.
6  Pajardo said. And suppose Agent Rothermund even knew that
7  it was a lie that Miss Barut was somehow involved in this.
8        MR. BREINER: Then it becomes outrageous
9  government conduct, Your Honor, which is precisely --
10       THE COURT: My question to you is cite me a case
11 or cite me a statute that says an unsuccessful attempt by
12 Agent Rothermund to get Mr. Pajardo to state what Agent
13 Rothermund knew to be a lie and Mr. Pajardo's successful
14 overcoming of that attempt and Mr. Pajardo's adamant
15 refusal to tell a lie, tell me how that warrants a
16 dismissal.
17       MR. BREINER: Your Honor, that is precisely why
18 we have a motion for outrageous government conduct because
19 it's not a motion in limine and it's not something that's
20 conducted during the trial in front of a jury. It is
21 conducted in this phase where you, the trier of fact, can
22 determine if, in fact, as you say for the sake of
23 argument, what we say in the declarations are true: that
24 the government lied, that the agent lied.
25       We do it now because I don't want to face Agent

1  So you wanted to say something more, Mr.
2  Breiner?
3  MR. BREINER: Your Honor, I'm sorry. That is
4  absolutely incorrect. That my intent has always been to
5  dismiss this case not as a discovery vehicle but to prove
6  that the government's intent was a false intent, an
7  attempt to suborn perjury, which I believe under the
8  statute under 18 U.S.C. 1622 warrants dismissal. If I
9  wanted to file discovery -- I have filed, I believe, four
10 separate discovery motions in this case -- I would have
11 filed it under Rule 16, not under the guise of a motion to
12 dismiss.
13 MR. CHOY: On behalf of Mr. Pajardo also, Your
14 Honor, we are not asking to go forward with this motion as
15 a basis to get discovery.
16 THE COURT: Anybody else want to be heard?
17 MR. MUEHLECK: I think our response is on the
18 record, Your Honor. The court's familiar with it. We
19 have nothing more to add.
20 THE COURT: Mr. Remis uncharacteristically
21 silent.
22 MR. REMIS: I didn't join in the motion. I have
23 a lot of opinions, but I have nothing to add, Your Honor.
24 THE COURT: Then these motions are denied, but I
25 will issue a written order. So the two motions to dismiss

1   are denied, and in light of that denial the petition to
2   subpoena Agent Rothermund has become moot, and it's,
3   therefore, denied.
4            Now, with respect to the continuance of the
5   trial I will say this:  I'll put that in the order, too,
6   that the trial is continued.  And I will exclude the time
7   between October 1st till November 26th on the ground that
8   the ends of justice served by continuance of the trial
9   are -- actually, this is a statute.  I don't need to do
10  that.  It's automatic exclusion.  But since I'm doing it
11  for more than 30 days.
12           MR. MUEHLECK:  30 days is excluded.
13           THE COURT:  30 days is automatically excludable
14  by statute.  So to the extent I have 26 days more than the
15  30 automatic days I will exclude those from the Speedy
16  Trial Act computation on the ground that the ends of
17  justice served by that additional continuance outweigh the
18  ends -- outweigh the defendants' and the public's interest
19  in a speedy trial, particularly with respect to letting
20  defendant Giles and his counsel get up to speed on a case
21  that has been going on for some time and will have a
22  considerable amount of evidence and also for continuity of
23  counsel for other defendants whose counsel have other
24  trial commitments.
25           So I will issue a written order.  I hope to be